WILLOUGHBY CAMERA STORES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100707. Promulgated May 16, 1941.

*James H. Douglas, Esq.,* and *Menahem Stim, C. P. A.,* for the petitioner.

*Conway N. Kitchen, Esq.,* and *Allen T. Akin, Esq.,* for the respondent.

## OPINION.

LEECH: The deduction of amounts which petitioner actually paid to its employees as bonuses or extra compensation during each of the years 1935 and 1936, is not in issue.

However, petitioner contends that since it is on an accrual basis the right to deduct the two contested additions to the reserve for bonuses matured when those additions were made and not when actually paid to employees.

Respondent concedes the existence of the premise, but disagrees with the conclusion. He argues that the additions to bonus reserves

were not legally accruable as deductions in the years in which the additions were set up and deductions therefor are claimed and did not become so in either instance until the following year which was the year in which payment to the employees was actually made.

The issue is resolved by a determination as to whether at the close of each year, the amounts set aside and credited to the bonus reserve then constitued, in each instance, a legal liability in the amount so credited. If, by the setting aside of these amounts petitioner incurred no legal liability to make payment of those sums it is clear, we think, that these amounts were the estimated sums which the corporation deemed necessary to meet such payment of bonuses in the following year as its board of directors would then, by voluntary action, authorize. It would then follow that these additions to the reserve would not constitute proper deductions for the year in which set up, since, in neither instance, had the liability at that time matured. As was said in *Schoellkopf Aniline & Chemical Works, Inc.* v. *United States*, 3 Fed. Supp. 417:

\* \* \* An item accrues when all events have occurred necessary to fix the liabilities of the parties concerned therewith and to determine the amount of such liabilities. \* \* \*

The record reveals that petitioner for many years had maintained a custom of paying bonuses from earnings to its employees and that these employees were told that they might expect such payments. There is, however, no indication that the contract of employment of these employees obligated the petitioner to make bonus payments nor is it indicated that there was any fixed method of computing the actual payment made to any employee. It is testified that the bonuses paid were in accordance with length of service, but whether they were based upon the salary received is not disclosed nor is it indicated that any liability was assumed or admitted by petitioner to make a bonus payment to an employee unless the latter was in the service at the time the payment was actually authorized by petitioner's board of directors and made. In fact, the action taken by petitioner's directors in paying the bonuses in the year following that in which the reserve was set aside and deducted as an accrued liability, indicates that it was not a liability enforceable against petitioner by its employees at the close of the year in which set up. If it represented a liability it would be due and payable to the employees upon the expiration of the year. It seems inconsistent with this condition that petitioner should pay the amounts of these accruals in specific bonus allowances throughout the course of the following year upon successive resolutions adopted by its board of directors specifically authorizing the payments.

It is our conclusion that the amount determined at the close of each of the taxable years here involved and set aside in the reserve for bonus did not in either instance then constitute a legal liability of the petitioner to its employees. It follows that these amounts were not subject to deduction in either of those years and that respondent's action in allowing the deduction in the following year in which payment was made and in disallowing the deduction in the year in which the reserve was credited was proper. *Bauer Brothers Co.* v. *Commissioner*, 46 Fed. (2d) 874; certiorari denied, 283 U. S. 850; *Commercial Electrical Supply Co.*, 8 B. T. A. 986.

*Decision will be entered for the respondent.*